# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

WILLIAM SALMAN, DAVID SALMAN,
FRANCIS KOENIG and related entities,

       Plaintiffs,

vs.                                         No. CIV 04-1199 JB/ACT

ARTHUR ANDERSEN LLP, a Colorado
limited liability partnership, and
ARTHUR ANDERSEN LLP, an Illinois
limited liability partnership (collectively
referred to as "Andersen"),

       Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on the Plaintiffs' Motion to Remand to State District Court and Request for Expedited Hearing, filed November 19, 2004 (Doc.8).[1]  The Court held a hearing on this motion on January 27, 2005.  The primary issue is whether the Defendants, two Arthur Andersen LLP's ("Andersen"), have shown that the Court has federal question jurisdiction from the face of the Plaintiffs' Complaint.  Because the potential federal issue in this case -- sovereignty of a federal court order over a state court injunction -- does not appear on the Complaint's face, and will only arise by way of defense, the Court will grant the Plaintiffs' motion and remand the case to state court.

---

[1] Plaintiff requested an expedited hearing, but when the Court tried to set up an earlier hearing, the parties did not promptly respond and facilitate an earlier setting.  At the hearing, the parties seemed relatively content with the present situation: the Plaintiff had their temporary restraining order from the state court and Anderson was in federal court.  The Plaintiffs did indicate, however, that at some point they wanted to return to state court and litigate the state law privilege issues before the federal court in Illinois ordered Anderson to turn over documents to the IRS.

## PROCEDURAL BACKGROUND

Andersen entered an agreement and professional relationship with Plaintiffs William Salman, David Salman, Francis Koenig, and related entities (the "Salmans").  In September of 2002, the Internal Revenue Service ("IRS") filed a petition in the United States District Court for the Northern District of Illinois to enforce nineteen summonses based on its belief that Anderson was promoting potentially abusive tax shelters and not registering such transactions in violation of internal revenue laws and regulations.  In response, the IRS and Andersen entered into a stipulated order that required Andersen to produce a privilege log.  The privilege log listed documents related to the Salmans. Andersen also indicated that it might, in the future, have to produce documents on the privilege log.

The Salmans contend that Andersen breached its duties to the Salmans under the professional agreement and relationship it had with them, and that it threatens to breach it in the future.  To remedy past wrongs, and to prevent future disclosures, the Salmans filed their Complaint and Request for Injunctive Relief on September 30, 2004, in the District Court for Santa Fe County, State of New Mexico.  The Salmans have brought this case to seek a remedy for past and future breaches of an agreement and the professional relationship.  The IRS is not a party to this New Mexico state court action.

In the Complaint, the Salmans seek relief based on breach of contract, a declaratory judgment that the Salmans' documents which Andersen holds are privileged and that Andersen should not disclose them, and injunctive relief enjoining Andersen from releasing the Salmans' privileged documents.  Specifically, the Salmans' first claim of relief is for breach of contract based on state law

because Anderson allegedly breached its duty to preserve the Salmans' confidential documents.[2] The

Salmans' second claim requests a declaratory judgment based on state common law and statutory

privileges. See Stroud v. Arthur Andersen & Co., 37 P.3d 783, 789 (Okla. 2001) ("The scope of

Andersen's duty of care owed as a provider of professional accounting services is established not only

by the formalized standards adopted by the American Institute of Certified Public Accounts - i.e.,

GAAS and GAAP - but also by the Oklahoma statutory and regulatory provisions which govern the

field.").[3]   The Salmans' third claim for relief is for an injunction to prevent Anderson from further

releasing privileged and confidential documents.

In its attempt to show a federal question on the face of the Complaint, Andersen primarily

relies on one paragraph in the Complaint: "52.  Plaintiffs request a judicial declaration from this Court

that the documents listed on Plaintiffs' privileged logs are privileged documents and should not be

disclosed to the IRS."  Complaint ¶ 52, at 12. See Transcript of Hearing at 41:14-18.[4]  Andersen also

points to one clause in the Prayer for Relief seeking "a permanent injunction enjoining Andersen

enjoining Andersen from releasing Plaintiffs' privileged documents to the IRS absent a ruling by the

---

[2] The Salmans seem to be suggesting that they may have requested Anderson return their documents and Anderson did not.  See Linebaugh v. Helvig, 615 P.2d 366, 369-70 (Ct. App. Or. 1980)( "Defendant argues that she had no duty to return plaintiff's records upon their *verbal* request . . . . We conclude that plaintiff were entitled to the return of their records and that defendant had a duty to comply with a verbal, as well as a written request for their return.").

[3] N.M. Stat. Ann. § 38-6-6C provides:
In the courts of the state, no certified public accountant or public accountant shall be permitted to disclose information obtained in the conduct of any examination, audit or other investigation made in a professional capacity, or which may have been disclosed to said accountant by a client, without the consent in writing of such client or his, her or its successors or legal representatives.

[4] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version.  Any finalized transcript may contain slightly different page and/or line numbers.

Court that the documents are not privileged." Complaint, Prayer for Relief ¶ 5, at 13.      T h e

Complaint was served on Arthur Andersen L.L.P., on or about October 4, 2004, and again on its

registered agent for service of process on or about October 15, 2004. On October 13, 2004, the state

district court granted the Salmans' request for a temporary restraining order and ordered Andersen

enjoined from taking any action with regard to the Salmans' files to any person, for a period of ten

days or until hearing on the Salmans' motion for preliminary injunction. The state court set the

hearing on the motion for preliminary injunction for October 21, 2004.

The day before the hearing, October 20, 2004, the Salmans filed a Notice of Removal,

removing the case from state district court to this Court. Andersen thereby canceled the hearing set

for October 21, 2004 in the state court proceeding. Andersen has not sought to reschedule the

hearing. The October 13, 2004 Order remains in effect by its terms.

Anderson, in its Notice of Removal, asserts that this action involves questions of federal law

as grounds for removal. The Salmans move to remand this matter to state district court.

**LAW ON FEDERAL QUESTION JURISDICTION AND REMOVAL**

Federal courts are of limited jurisdiction, and there is a presumption against the existence of

federal jurisdiction. See Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974).

Removal statutes are therefore strictly construed, and ambiguities are resolved in favor of remand.

See Martin v. Franklin Capital Corp., 251 F.3d 1284, 1289-90 (10th Cir. 2001). "If jurisdiction is

challenged, the burden is on the party claiming jurisdiction to show it by a preponderance of the

evidence," and federal courts will "presume no jurisdiction exists absent an adequate showing by the

party invoking federal jurisdiction." Karnes v. Boeing Co., 335 F.3d 1189, 1193, 1194 (10th Cir.

2003).

A court may remand a case sua sponte or at the request of a party.  See, e.g., Laughlin v. K-Mart Corp., 50 F.3d 871, 873 (10th Cir.), cert. denied, 516 U.S. 863 (1995).  Indeed, the removal statute provides that a case "shall" be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."  28 U.S.C. § 1447(c).

Under the removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ."  28 U.S.C. § 1441(a).  There is a federal question if the case arises under the Constitution, laws, or treaties of the United States.  See 28 U.S.C. § 1331.

Whether a case arises under a federal law is determined by the "well-pleaded complaint rule." Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal., 463 U.S. 1, 9 (1983).  This determination is made by examining the plaintiff's complaint, "unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose."  Id. at 10.  The Supreme Court of the United States has further limited subject matter jurisdiction by requiring that the federal law relied on in the plaintiff's complaint creates a private cause of action. See id. at 25-26.  Additionally, "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction."  Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804, 813 (1986).  See Sandoval v. New Mexico Technology Group, L.L.C., 174 F.Supp.2d 1224, 1232 n. 5 (D.N.M. 2001)(Smith, J.)("Merrell Dow is the controlling law when invoking subject matter jurisdiction" when a right under state law turns on construing federal law). The federal question must be "substantial" to meet the jurisdictional test.  See Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. at 813.

The plaintiff's mere citation to a federal statute does not create a federal question.  In

-5-

Sandoval v. New Mexico Technology Group, L.L.C., the plaintiff's wrongful discharge claim cited

to various labor-related federal statutes, which the defendant used to base its federal question

removal.  Magistrate Judge Smith found that, although the wrongful discharge claim was alleging

violation of federal law, there was not a federal private cause of action under or related to the federal

statutes that the plaintiff cited.  See 174 F.Supp.2d at 1229.  Magistrate Judge Smith also held that

there was no "substantial, disputed questions of federal law" because the right under state law did not

turn on construction of federal law.  Id. at 1230.

**28 U.S.C. § 7402**

26 U.S.C. §7602 provides the IRS with authority to examine books and witnesses.  Section

7602(a)(2) authorizes the IRS "[t]o summon . . . any person having possession . . . of books . . . to

produce such books, papers, records or other data . . ." 26 U.S.C. §7602(a)(2).

Section 7402 permits a federal district court to enforce IRS summonses.  Section 7402(b)

provides jurisdiction to district courts to enforce summons:

> If any person is summoned under the internal revenue laws to appear, to testify, or to
> produce books, papers, or other data, the district court of the United States for the
> district in which such person resides or may be found shall have jurisdiction by
> appropriate process to compel such attendance, testimony, or production of books,
> papers, or other data.

26 U.S.C. 7402(b).  § 7402 action is narrow.  The United States Court of Appeals for the Tenth

Circuit has noted that the "sole reason for the proceedings . . . is to ensure that the IRS has issued

the summons for proper investigatory purposes . . . ."  United States v. Balanced Financial

Management, 769 F.2d 1440, 1449 (10th Cir. 1985).

There is nothing on the face of § 7402(b) that indicates the federal district court's jurisdiction

is exclusive.  See 26 U.S.C. 7402(b).  Congress must "affirmatively divest state courts of their

presumptively concurrent jurisdiction" to give exclusive jurisdiction to federal courts. Yellow Freight System v. Donnelly, 494 U.S. 820, 823 (1990). On the other hand, as will be discussed, the Supreme Court's opinion in Reisman v. Caplin, 375 U.S. 440 (1964), may make federal court jurisdiction exclusive for some purposes related to IRS subpoenas and summons.

Section 7609 provides special procedures for third-party summons.  Section 7609(b) provides: "**Intervention.**  Not withstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to intervene in any proceeding with respect to the enforcement of such summons under section 7604."

## ANALYSIS

Andersen's removal of this case to federal court is based on a re-characterization of the claims that the Salmans have filed.  Anderson attempts to recast the Plaintiffs' claims by contending that this case involves the enforcement of summonses which the IRS issued to Anderson.  According to Anderson, Congress has granted jurisdiction over IRS summons enforcement actions to federal courts.  Anderson alleges that, because there is a pending matter in United States District Court for the District of Northern Illinois in Chicago, Illinois -- between Anderson and the IRS -- this case between the Plaintiffs and Anderson should be heard in federal court.  The Court believes that Andersen does not accurately characterize the Salmans' Complaint, and when the Court carefully examines the allegations in the Complaint, they do not, on their face, raise a federal question.

## I.    ANDERSON'S NOTICE OF REMOVAL DOES NOT ESTABLISH THAT THERE IS A FEDERAL QUESTION IN THIS CASE.

The Court's inquiry is whether, on the Complaint's face, the Salmans rely on federal law and, if so, whether the federal law creates a cause of action and that it is sufficiently important enough to

raise this Court's jurisdiction.  The Salmans have, however, filed a breach of contract case in New

Mexico state court based on state law, involving New Mexico parties, and New Mexico events.

Andersen has not met its burden of demonstrating that jurisdiction exists by a preponderance of

evidence.

The Salmans' Complaint does not assert any particular federal statutory entitlement nor, on

its face, do the Plaintiffs' claims require the interpretation of federal law.  From a review of the

Plaintiffs' Complaint, none of the claims give rise to a federal question.  The Salmans' claim for an

injunction is based on state common law and statutory privileges, including the attorney-client

privilege as recognized in the New Mexico Rules of Evidence and the accountant-client privilege as

recognized in New Mexico statutes.  The Salmans do contend that the § 7525 privilege is applicable,

but this privilege is also based on common law.  See 26 U.S.C. § 7525(a)(1)("With respect to tax

advice, the same common law protections of confidentiality which apply to a communication between

a taxpayer and an attorney shall also apply to a communication between a taxpayer and any federally

authorized tax practitioner . . . .").  As in Sandoval v. New Mexico Technology Group, L.L.C., the

federal statute that the Salmans cite does not create a federal private cause of action.  The Salmans

could not have filed an action in federal court based on this statute alone.

The Salmans' claims are, on the face of the Complaint, based on state common law and

statutory privileges.  Anderson alleges, however, that the Salmans' case is removable because a

federal law is involved.  Anderson relies, however, on a federal statute that the Plaintiffs do not

mention in their Complaint.

Andersen points first to paragraph 52 of the Complaint and paragraph 5 of the Prayer for

Relief.  There is nothing about a request that the state court determine state privileges which

necessarily raises a federal question.  Fairly read, paragraph 52, in conjunction with the preceding two

paragraphs merely asks the state court to declare New Mexico law and what Andersen should do.

It does not ask the Court to enjoin Andersen from obeying a federal court order requiring disclosure.

The prayer could also be read to avoid a federal question.  It merely requests the state court

to enjoin Andersen from releasing documents unless and until there is federal court order.  It could

be read as seeking to prohibit Andersen from releasing documents voluntarily.  Andersen goes too

far to suggest that the Complaint asks the state court to prevent Andersen from obeying any court

order to compel, which has yet to be released.

Voluntary production of documents - - before there is any court order compelling their

production - - is a legitimate concern.  As Justice Clark stated in Reisman v. Caplin:

> Nor would there be a difference should the witness indicate -- as has Peat, Marwick, Mitchell & Co. -- that he  would voluntarily turn the papers over to the Commissioner. If this be true, either the taxpayer or any affected party might restrain compliance, as the Commissioner suggests, until compliance is ordered by a court of competent jurisdiction.

See id. at 449-50.[5]

Presumably, Andersen will raise as a defense to some of the breach claims that it was

complying with an IRS subpoena.  At this stage, however, the IRS's subpoenas are not an issue in

this case.  And that potential, if not likely, defense of its alleged misconduct does not convert this case

---

[5] In Riesman v. Caplin, taxpayers attorneys sought, in a separate district court, declaratory and  injunctive relief on ground of invalidity of IRS's summons directing accountants, who had been employed by attorneys to work on financial records of taxpayers, to appear and produce audit reports.  The district court dismissed the suit, and the D.C. Circuit and the Supreme Court affirmed. The Supreme Court held that the plaintiff had an adequate remedy at law because it can raise claims in opposition to the execution of the summons in an enforcement proceeding.  Reisman is distinguishable from this case, however, because the Salmans have not sued the IRS and do not contest the validity of the summons.  Thus, the statement quoted in the text of this opinion appears applicable to the case before the Court.

to one involving a federal question and thus bestowing federal question subject matter jurisdiction. The case, on the face of the Complaint, remains one for breach of Andersen's state law duties owed to these New Mexico residents.   Under the general rules of federal jurisdiction and removal, therefore, this statute would not be a factor in determining whether there is federal question jurisdiction.  It may become relevant as the case develops, but it is not important for determining jurisdiction.

At this stage, federal law is not part of this case.  The Complaint, in sum, does not raise a federal issue sufficiently important to invoke the Court's subject matter jurisdiction.

Anderson is more concerned about what the state court will do than what it has done.  A federal question, or conflict with the summons that the IRS has issued, is premature, however.  If the IRS never renews its motion to compel, or if the federal court does not grant the motion to compel, or if the New Mexico state court does not construe its temporary restraining order as precluding compliance with a federal court order, no federal court may need to reach the issue that Anderson contends creates the federal question that bestows subject matter jurisdiction on this Court.

This action is not properly removable.  Anderson has not met its burden to establish that the Court would have original jurisdiction pursuant to 28 U.S.C. § 1331.

## II.   28 U.S.C. § 7402 DOES NOT CREATE JURISDICTION OVER THIS CASE.

The Chicago federal court has jurisdiction over its case, but that does not determine jurisdiction over this case.

Most, if not all, of Andersen's defenses of its removal of the case to federal court are based on a re-casting of this case as an IRS subpoena enforcement action.  Andersen argues that 28 U.S.C. § 7402 grants the Court subject matter jurisdiction in this case, that the Salmans have omitted

references to this statute to avoid federal jurisdiction, that the Salmans have an adequate remedy at law by intervening in the Illinois proceeding, and that state courts should not interfere with federal court actions.  Because Andersen's premise that this case is really an IRS subpoena enforcement action, and that is not a correct premise, they fail.  This Court lacks subject matter jurisdiction over this case.

The district court in Chicago has subject matter jurisdiction pursuant to § 7402 to enforce summonses served on Anderson.  The district court has not yet enforced those summonses.  Andersen agreed to the stipulated order that required it to produce the privilege log.  The Salmans are concerned about what else Andersen may do, voluntarily or otherwise, to disclose their information. The Salmans have a concern, whether valid or not, that Andersen may do things with third-parties that do not even involve the IRS subpoenas.  Unless and until there is a federal court order requiring Andersen to turn over the documents, the Salmans may have a legitimate interest, under New Mexico law, in assuring that Andersen does not violate state law.

That a federal district court in Chicago has jurisdiction over IRS summonses and subpoenas does not give this Court jurisdiction over this action, which involves New Mexico residents seeking to protect their privileged documents under New Mexico law.  28 U.S.C. § 7402 is not, on the face of the Complaint, applicable to this case.

28 U.S.C. § 7402 does not grant federal subject matter jurisdiction over the Salmans' claims. This action does not challenge the IRS' enforcement of the summonses it served on Anderson. Section 7402 also does not grant the Salmans a cause of action against Andersen.  See Foundation

of Human Understanding v. United States, 2001 U.S. Dist. LEXIS 16328 *1 (D. Or. 2001).[6] Section

7402 therefore does not create federal question jurisdiction over the Salmans' state law contract and

common law claims against Andersen.  Accordingly, Anderson's reliance on § 7402 does not support

jurisdiction in this Court.

Andersen does not, and cannot, argue that § 7402 gives exclusive jurisdiction to the United

States District Court in Chicago to decide all issues related or touching on the IRS subpoenas. The

IRS case in Illinois will primarily address federal privilege issues.  There is nothing inherently

inconsistent or conflicting with a state court in New Mexico addressing state law issues.  The federal

court in Chicago may eventually find the state court's declarations useful in its determinations.

It is unclear whether Anderson contends that § 7402(b) gives exclusive jurisdiction to the

United States district courts.  It may well be that, absent express language in the statute, there is no

exclusive federal jurisdiction under § 7402.  The Court need not, however, decide whether the federal

courts have exclusive jurisdiction under § 7402 to determine whether the Court has jurisdiction over

this case.  While IRS subpoena enforcement cases are properly brought in federal court, this is not

an IRS subpoena enforcement action.  The Plaintiffs do not question the enforcement of the

summonses on Anderson.  The Plaintiffs do not otherwise rely on § 7402.  The possibility that the

_____

[6] In Foundation of Human Understanding v. United States, the IRS issued an IRS summons
to the petitioner seeking information and records.  The petitioner filed a petition to quash summons.
The IRS filed a motion to dismiss the Petition, asserting that the court lacked subject matter
jurisdiction over the petition to quash.  The court rejected the petitioner's position that 26 U.S.C. §
7402(b), 7406(c) gave the court jurisdiction, stating that these code sections "provide this court with
jurisdiction for the United States enforcement of the summons.  I find no authority in these sections
providing a summoned party with a right  to institute a court proceeding to quash the summons."
2001 U.S. Dist. LEXIS 16328 at *1 (citing "Gutierrez v. United States, 1996 U.S. Dist. LEXIS
18875, *2 (E. D. Wash. July 31, 1996)(it is firmly established that courts cannot entertain pre-
enforcement challenges to an IRS summons brought by a party summoned). . . .").

state court may try to enforce its injunction in a way that would require Anderson to disobey an as yet unissued order to enforce does not support jurisdiction in this matter.

Finally, the artful pleading doctrine does not apply in this case.  The artful pleading rule requires that the plaintiff have a federal cause of action.  Section 7402 does not grant the Salmans a private cause of action.

While there is the possibility down the road of a conflict between the New Mexico state court's injunction and a federal court order enforcing the summonses, that conflict is not yet present and it may never occur.  Anderson's allegations or fears of a possible conflict or a potential defense do not establish jurisdiction.

**IT IS ORDERED** that the Plaintiffs' Motion to Remand to State Court and Request for Expedited Hearing is granted and this action is remanded to the First Judicial District Court for Santa Fe County, State of New Mexico.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Mark Sheridan
Bradford C. Berge
Ocean Munds Dry
Holland & Hart, LLP
Santa Fe, New Mexico

 *Attorneys for the Plaintiff*

Gregory D. Huffaker, Jr.
Huffaker & Moffett, LLC
Santa Fe, New Mexico

-- and --

Karen M. Asner
Danielle M. Smith
White & Case LLP
New York, New York

   *Attorneys for the Defendants*